GREGORY K. McGILLIVARY

WRITER'S EMAIL:
GKM@WMLABORLAW.COM

LAW OFFICES
WOODLEY & McGILLIVARY
1101 VERMONT AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005
TELEPHONE: (202) 833-8855
FAX: (202) 452-1090
E-MAIL: INFO@WMLABORLAW.COM

EDWARD J. HICKEY, JR.
(1912-2000)

OF COUNSEL
NANCY B. STONE

November 5, 2015

**VIA ECF and FACSIMILE**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl Street, Room 2204
New York, NY 10007

    Re:   *Foster, et al. v. City of New York*
           Case No. 14-cv-4142 (PGG)

           *De La Cruz, et al. v. City of New York*
           Case No. 14-cv-9220 (PGG)

Dear Judge Gardephe:

    Plaintiffs, by and through their undersigned counsel, hereby respectfully request pursuant to Rule 4 of your Individual Rules of Practice in Civil Cases, permission to file a Motion to Compel Production of Documents and Testimony Regarding Defendant's Efforts to Comply with the Fair Labor Standards Act (FLSA) pursuant to Federal Rule of Civil Procedure 37(a) in the above-referenced cases. The issues regarding this motion are the same in these two FLSA cases. The parties already have conferred extensively on discovery, as well as on the topics plaintiffs identified pursuant to Rule 30(b)(6) regarding defendant's efforts to comply with the FLSA. Defendant has asserted as an affirmative defense that it acted in good faith when violating the FLSA; this court has determined, consistent with other courts, that a defendant's assertion of the good faith defense waives any claim of privilege that would otherwise restrict the production of responsive documents and testimony. Defendant has nevertheless continued to refuse to produce, and indeed has even failed to fully respond to plaintiffs' repeated inquiries regarding, the production of documents and testimony on defendant's FLSA compliance.

    Successful claimants under the FLSA are entitled to liquidated damages equal to the amount of the unpaid overtime compensation (i.e. double damages). 29 U.S.C. § 216(b). Liquidated damages are the norm, whereas single damages are the exception. *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999); *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 613 (S.D.N.Y. 2014). However, "[c]ourts have discretion to deny an award of liquidated damages where the employer shows that, despite the failure to pay appropriate wages, the

employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Herman*, 172 F.3d at 142. The employer bears the difficult burden of proving good faith by producing "plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." *Reich v. Southern New England Telecoms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (quoting *Brock v. Wilamowsky*, 833 F2d 11, 19 (2d Cir. 1987)); *see also Herman*, 172 F.3d at 142.

Here, defendant put good faith directly at issue when it asserted two affirmative defenses relevant to this dispute: that plaintiffs are not entitled to liquidated damages because defendant "acted in accordance with any and all duties and obligations that it may have had under the FLSA" (Seventh Defense) and defendant "acted in good faith and had reasonable grounds for believing that its pay practices complied with the FLSA" (Tenth Defense). Dkt. 9. Thus, the burden is on defendant to demonstrate their good faith compliance with the FLSA by producing "plain and substantial evidence of at least an honest intention to . . . comply with [the FLSA]." *Reich*, 131 F.3d at 71. To date, defendant has produced no such evidence.

A. **Defendant Refuses to Produce Documents or a Privilege Log, and Refuses to Schedule a Rule 30(b)(6) Deposition.**

In *Foster*, Plaintiffs requested on November 24, 2014 that defendant produce "[a]ll documents that relate to the question of whether plaintiffs have been properly compensated under the FLSA" and "[a]ll documents related to any defenses that defendants intend to raise to the claims in this case." Pl.'s First Request for Production of Documents (Nov. 24, 2014). However, defendant objected to these requests—as well as the remainder of plaintiffs' document requests—on the grounds that they "request[] information and/or documents which are subject to the attorney-client privilege, the work product privilege, the self-evaluative privilege, and/or any other privilege recognized by statute, at common law, by the Federal Rules of Civil Procedure and/or the Local Rules of this Court." Def.'s Objections and Responses to Pl.'s First Request for Production of Documents (Dec. 23, 2014). Despite plaintiffs' repeated requests for production of any such documents, defendant continues to refuse to produce documents responsive to these requests. Such documents include, but are not limited to, correspondence between Jackson Lewis and defendant City of New York, including the New York City Law Department, regarding defendant's FLSA compliance. Further, despite repeated inquiries, defendant has failed to produce a privilege log setting forth those documents it asserts are covered by a privilege.

In *de la Cruz*, Plaintiffs requested on June 10, 2015 that defendant produce "[a]ll documents that relate to the question of whether plaintiffs have been properly compensated under the FLSA" and "[a]ll documents related to any defenses that defendants intend to raise to the claims in this case." Pl.'s First Request for Production of Documents (June 10, 2015). Defendant similarly objected to these requests—as well as the remainder of plaintiffs' document requests—on the grounds that they "request[] information and/or documents which are subject to the attorney-client privilege, the work product privilege, the self-evaluative privilege, and/or any other privilege recognized by statute, at common law, by the Federal Rules of Civil Procedure and/or the Local Rules of this Court." Def.'s Objections and Responses to Pl.'s First Request for

Production of Documents (Sept. 29, 2015). Again, despite plaintiffs' repeated requests for production of any such documents, defendant continues to refuse to produce documents responsive to these requests. Such documents include, but are not limited to, correspondence between Jackson Lewis and defendant City of New York, including the New York City Law Department, regarding defendant's FLSA compliance. Again, despite repeated inquiries, defendant has failed to produce a privilege log setting forth all of those documents it asserts are covered by a privilege.

Additionally, in both *Foster* and *de la Cruz*, plaintiffs noticed on September 2, 2015, four depositions pursuant to Federal Rule of Civil Procedure 30(b)(6), including one as to defendant's efforts to comply with the Fair Labor Standards Act. These deposition notices included five topics concerning defendant's FLSA compliance, labeled (a) through (e), on which defendant's witness would be required to testify. On September 25, 2015, defendant sent plaintiffs a number of objections to the topics included the 30(b)(6) notice regarding FLSA compliance, which include, but are not limited to, arguments that that the noticed subject matters require testimony on privileged information and that defendant does not have a policy or practice of not compensating employees for all of their time recorded by CityTime and during their meal periods. Plaintiffs responded to these objections and offered clarifications on October 16, 2015.

In response, defendant has stated that "while the assertion of the good faith defense may result in the implied waiver of the privilege, the scope of that waiver is limited, and would include only communications between legal and City officials responsible for making decisions relevant to the issues in this case." Thus, defendant is attempting to assert a partial waiver of the attorney/client privilege in which defendant gets to decide which documents it will produce based on its definition of responsible decision-making officials. Moreover, it is refusing to provide documents that are exchanged between the Corporation Counsel and outside counsel. This could lead to the absurd situation in which the City attorneys' office consults with "lower ranking decision-makers" about the facts seeks outside counsel, and plaintiffs would not be able to see any of this information regardless of how damaging it is to the City or what facts are revealed on which the City received counsel. Perhaps the facts are misleading or wrong? Perhaps they went back to the lower ranking officials and requested new information? Perhaps the Corporation Counsel and outside counsel exchanged letters stating that this is a real problem without letting the Department head know the particulars or that they are simply not going to do anything? Without access to this information, the City's attempt at a "partial waiver" of the privilege makes it impossible for plaintiffs to adequately inquire into defendant's good faith defense.

**B.     Defendant Waived Its Privileges With Respect to the Information Sought**

Defendant's objections that the production of documents and the noticed 30(b)(6) subject matters on FLSA compliance call for information covered by the attorney-client privilege have no merit. Because defendant asserts a good faith defense under either 29 U.S.C. § 259 or 260, the attorney-client privilege with respect to efforts to comply with the FLSA is waived. The attorney-client privilege *does not* apply if the defendant intends to rely upon the advice of counsel as a defense to liquidated damages or the imposition of a third year of liability. *See*

*Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (employers in an FLSA action may only assert an advice of counsel defense if they can demonstrate (1) a request for advice of counsel on the legality of a proposed action, (2) full disclosure of the relevant facts, (3) receipt of advice that the action to be taken is legal, and (4) reliance in good faith on that advice); see also *Markowski v. SEC*, 34 F.3d 99, 104-105 (2d Cir. 1994) (same, in a case affirming the decision of the SEC); *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 613 (S.D.N.Y. 2014) (assertion of attorney-client privilege in response to document requests and interrogatories indicates reliance on counsel regarding these topics); *Wang v. Hearst Corp.*, 2012 U.S. Dist. LEXIS 179609, *7-8 (S.D.N.Y. Dec. 19, 2012) ("Defendant's assurance that it would 'limit any good faith defense to one in which the state of mind was not formed on the basis of legal advice' amounts to little more than semantics without any concrete examples provided by defendants . . . I find it difficult to imagine that a good faith defense regarding the FLSA raised by a corporation as large and as sophisticated as [defendant] would not involve the advice of its legal department, and the section of the deposition provided to me confirms at least that much."). Thus, defendant cannot use the attorney-client privilege to shield the production of the requested information while simultaneously asserting a good faith defense under the FLSA.

Defendant's position that plaintiffs may have access only to communications between policy making officials and outside counsel or City Corporation Counsel is directly in conflict with the law. Defendant's position is that the only communication it must produce is the bland statement from its Commissioner that the City's Legal Department was contacted and said the Agency's actions were legal. In other words, contrary to the prevailing caselaw in this very Court, the defendants want to prevent the plaintiffs from obtaining discovery on the facts on which the defendant's counsel's opinion is based, identifying the type of analysis that was undertaken and ascertaining how the City's Law Department or Jackson Lewis reached their opinion. Jackson Lewis is attempting to use the City's Law Department as a shield to prevent the plaintiffs from inquiring about what Jackson Lewis and the City communicated about in reaching whatever conclusion it reached about the City's activities and whether they comply with the FLSA, while simultaneously using those communications as a sword to defend itself against this FLSA lawsuit. Such an approach is impermissible under the law.

In addition, defendant's tactics essentially require the plaintiffs to file a discovery motion seeking to compel certain documents that the plaintiffs do not even know exist, because defendant has never identified them. Plaintiffs have requested that defendant provide a privilege log detailing each and every communication it believes are privileged. Defendants have refused to produce this log. There is simply no justification for this refusal to comply with basic discovery rules. The Second Circuit has made clear that "a privilege log should contain ***specific explanations of why each particular document is privileged***." *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473-474 (2d Cir. 1996) (emphasis added). Therefore, to permit the parties and this Court to consider the actual communications and documents at issue, the defendants should produce a log prior to the date of the pre-motion discovery conference that identifies all responsive documents and contains sufficient information to permit the parties to brief whether each particular document is privileged.

In sum, the City has not produced documents on the issue of good faith under 29 U.S.C. § 260; it refuses to produce witnesses in response to a FRCP 30(b)(6) deposition notice; and has failed to produce a privilege log. Plaintiffs respectfully request that the Court schedule a pre-motion discovery conference on the production of documents and testimony concerning defendant's efforts to comply with the FLSA. Plaintiffs also request that the Court order the defendant to produce a privilege log prior to the date of the discovery conference. The plaintiffs are entitled to all of these under the relevant caselaw regarding the good faith defense to liquidated damages under the FLSA.

Sincerely,

WOODLEY & McGILLIVARY

Gregory K. McGillivary
*Counsel for Plaintiffs*

cc: Andrea O'Connor, counsel for Defendant (by ECF)
Felice B. Ekelman, counsel for Defendant (by ECF)
Jeffrey W. Brecher, counsel for Defendant (by ECF)
Adam S. Gross, counsel for Defendant (by ECF)
Steven J. Seidenfeld, counsel for Defendant (by ECF)
Sarah K. Hook, counsel for Defendant (by ECF)
Hope Pordy, counsel for Plaintiffs (by email)