UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KEISHA FOSTER, et al., | ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) ) | |
| CITY OF NEW YORK | ) | Case No. 14-cv-4142 (PGG) |
| Defendants, | ) ) ) ) | |

### DECLARATION OF GREGORY K. McGILLIVARY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY REGARDING DEFENDANT'S EFFORTS TO COMPLY WITH THE FAIR LABOR STANDARDS ACT (FLSA)

I, Gregory K. McGillivary, hereby declare under penalty of perjury and affirm as follows:

1.  I am a partner in the law firm Woodley & McGillivary, LLP. I serve as co-lead counsel for the plaintiffs in this action. I submit this declaration in support of plaintiffs' Motion to Compel Production of Documents and Testimony Regarding Defendant's Efforts to Comply with the Fair Labor Standards Act (FLSA).

2.  On November 24, 2014, I served on defendant Plaintiffs' First Request for Production of Documents, including but not limited to requests for "[a]ll documents that relate to the question of whether plaintiffs have been properly compensated under the FLSA" and "[a]ll documents related to any defenses that defendants intend to raise to the claims in this case." It also included a request for a privilege log within fourteen days of defendant's response to such requests. A true and correct copy of Plaintiffs' First Request for Production of Documents is attached hereto as Exhibit A.

3. On December 23, 2014, I received defendant's responses to Plaintiffs' First Request for Production of Documents, refusing to respond in full and asserting that plaintiffs requested "information and/or documents which are subject to the attorney-client privilege, the work product privilege, the self-evaluative privilege, and/or any other privilege recognized by statute, at common law, by the Federal Rules of Civil Procedure and/or the Local Rules of this Court." A true and correct copy of these responses are attached hereto as Exhibit B.

4. On April 20, 2015, plaintiffs sent a letter to defendant concerning several discovery matters, including defendant's production of only a single document in response to plaintiffs' first request for production of documents. A true and correct copy of this letter is attached hereto as Exhibit K.

5. On July 8, 2015, plaintiffs sent a letter to defendant following-up on defendant's production of documents. This letter highlighted that, among other things, defendant had not yet produced a single document responsive to any request concerning defendant's compliance with the FLSA. A true and correct copy of this exhibit is attached hereto as Exhibit L.

6. Defendant responded to plaintiffs' letter dated July 8, 2015 (Ex. L) on July 17, 2015, and produced some responsive documents. In this letter, defendant identified that "Defendant's entire production" was responsive to plaintiffs' document requests concerning FLSA compliance and affirmative defenses. A true and correct copy of this letter is attached hereto as Exhibit M.

7. On July 13, 2015, the parties conferred telephonically about discovery. On July 31, I sent a letter to defendants to follow up on several discovery matters, including deficiencies in document production, and defendant's counsel's agreement to inquire with their client about

plaintiffs' request for production of documents regarding defendant's attempts to comply with the FLSA. A true and correct copy of this letter is attached hereto as Exhibit N.

8. On August 18, 2015, the parties met and conferred telephonically about discovery matters, including those outlined in plaintiffs' July 31, 2015 letter (Ex. N). I sent a follow-up letter to defendant on August 20, 2014 summarizing the call and noting defendant's continued efforts to search for documents related to defendant's FLSA compliance. The letter also states that during the August 18, 2015 call, defendant agreed to produce responsive documents regarding FLSA compliance within 14 days. A true and correct copy of this letter is attached hereto as Exhibit O.

9. Defendant responded to my letter of August 20, 2015 (Ex. O) on August 31, 2015. In this letter, defendant averred that it is "continuing to search for documents responsive to [the requests concerning FLSA compliance] and will supplement Defendant's production if any responsive documents exist." A true and correct copy of this letter is attached hereto as Exhibit P.

10. On October 27, 2015, I followed-up with defendant regarding a number of out outstanding discovery concerns, including defendant's continued failure to produce a privilege log and defendant's failure to produce documents despite their assertion of the good faith defense. Defendant responded on November 2, 2015, stating summarily that they "already responded to your . . . concerns [about the privilege log]" and that even if their assertion of the good faith defense results in a waiver of certain privileges, the scope of the waiver is limited. A true and correct copy of this correspondence is attached hereto as Exhibit C.

11. On September 2, 2015, I noticed a 30(b)(6) deposition as to Defendant's Efforts to Comply with the Fair Labor Standards Act (FLSA). A true and correct copy of this deposition notice is attached hereto as Exhibit D.

12. On September 3, 2015, plaintiffs served defendants with four 30(b)(6) notices, including one as to Defendant's Efforts to Comply with the Fair Labor Standards Act (FLSA), via U.S. Mail. The cover letter requested that defendant produce all responsive documents related to the topic of defendant's efforts to comply with the FLSA on or before October 1, 2015. A true and correct copy of this letter is attached hereto as Exhibit Q.

13. On September 3, 2015, plaintiffs also served defendants with four 30(b)(6) notices, including one as to Defendant's Efforts to Comply with the Fair Labor Standards Act (FLSA), via electronic mail. On October 13, 2015, plaintiffs reached out to defendant regarding these 30(b)(6) notices in an attempt to confirm the dates and times for each. On October 14, 2015, defendant responded and confirmed two of the noticed depositions, but stated it was "working to confirm" the others including the one as to defendant's FLSA compliance. On October 19, 2015, plaintiffs reached out again to defendant regarding scheduling, again requesting confirmation of the date and time for the 30(b)(6) deposition as to defendant's FLSA compliance. When defendant responded on October 19, 2015, defendant did not acknowledge plaintiffs' attempt to schedule or confirm this noticed deposition. A true and correct copy of this correspondence is attached hereto as Exhibit E.

14. On September 25, 2015, defendant sent plaintiffs a letter detailing its objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition as to Defendant's Efforts to Comply with the Fair Labor Standard Act (FLSA). These objections included, but were not limited to, arguments that that the noticed subject matters require testimony on privileged information and that defendant

does not have a policy or practice of not compensating employees for all of their time recorded by CityTime and during their meal periods. A true and correct copy of this correspondence is attached hereto as Exhibit F.

15. On October 16, 2015, I responded to defendant's September 25, 2015 letter on behalf of plaintiffs in order to clarify plaintiffs' noticed 30(b)(6) topics and to respond to defendant's objections. I noted that it is undisputed that defendant has a practice of not compensating employees for pre-shift and post-shift time which is captured in CityTime, as well as time worked during their meal periods. Additionally, I again asserted that the attorney-client privilege does not apply if defendant intends to rely upon the advice of counsel as a defense to liquidated damages under the FLSA. A true and correct copy of this correspondence is attached hereto as Exhibit G.

16. On October 30, 2015, plaintiffs reached out to defendant and again requested that it schedule dates for the 30(b)(6) deposition on defendant's FLSA compliance. When defendant responded on November 2, 2015, defendant simply stated that it is "working on dates for the other depositions and will send to you as soon as possible." A true and correct copy of this correspondence is attached hereto as Exhibit H.

17. On October 20, 2015, I sent a letter to defendants notifying them of a number of deficiencies in its document production. A true and correct copy of this correspondence is attached hereto as Exhibit I.

18. On October 21, a telephone conference was held to discuss my letter of October 21, 2015. Defendant sent a follow-up response via e-mail to the letter and the conference on October 26, 2015, which only addressed a limited number of plaintiffs' concerns. A true and correct copy of this correspondence is attached hereto as Exhibit J.

Dated: November 23, 2015  /s/ Gregory K. McGillivary
Gregory K. McGillivary