# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEISHA FOSTER, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | C. A. No. 14 Civ. 4142 (PGG) |
| CITY OF NEW YORK, NEW YORK ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

# **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs respectfully submit their first request for production of documents to defendant in the above-captioned case. The documents must be produced at the offices of Woodley & McGillivary, LLP, 1101 Vermont Ave., Suite 1000, Washington, DC 20005, within thirty (30) days from the date of service of these requests, unless a different date is otherwise specified in the Parties' Joint Stipulation and Order Regarding Phase I Discovery. The following instructions and definitions shall apply to these Document Requests.

## **INSTRUCTIONS**

1. These requests for production of documents are deemed to be continuing in nature and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, defendants are to promptly produce and serve supplemental documents as additional documents become known.

3. If any request for production of documents is objected to as inquiring into a privileged matter, set forth fully in the objection the facts relied upon as the basis for the objection and produce the requested information or material in edited form. Provide a privilege log of all otherwise discoverable information requested but not produced based on assertion of privilege within 14 days after the associated discovery responses are submitted

4. The documents sought in this request are those in the possession, custody or control of the defendant or any agent, representative, employee or attorney of the defendants who may have access, possession, custody or control, regardless of where located.

## DEFINITIONS

1. "Defendant" and "City of New York" refers to the City of New York as a defendant in this action including all of its agents, representatives, officers, and/or other persons acting or purporting to act on its behalf.

2. The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of notations or markings, or by appearing in the files of a separate person), and any books, notebooks, periodicals, letters, reports, memoranda, handwritten notes, diaries, calendars, photographs, notations, messages, telegrams, wires, cables, press or news wire releases, records, studies, analyses, summaries, magazines, booklets, circulars, catalogs, bulletins, instructions, operating or maintenance manuals, operating or product specifications, fabrication sheets, day-timers, notes or records of meetings, notices, purchase orders, bills, ledgers, checks, tabulations, questionnaires, surveys, drawings, sketches, schematics, blueprints, flow sheets, working papers, charts, graphs, indices, tapes, agreements, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, films or videotapes, tapes, minutes, contracts, leases, invoices, records of purchase or sale, electronic or other transcription or tapings of or notes pertaining to telephone or personal conversations or conferences, tape recordings (video, audio or otherwise), electromagnetic recordings, voicemail messages or transcriptions thereof, text messages, interoffice communications of all types, Email messages or printouts

thereof, texts, microfilms, CD ROMs, DAT tapes, videotapes or cassettes, films, movies, summaries of investigations or interviews, press releases, court papers, brochures, pamphlets, computer printouts and any and all other written, printed, typed, punched, engraved, taped, filmed, recorded (electronically or otherwise), labeled, or graphic matter, of whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data), and shall include all attachments to (including tangible things) and enclosures with (including tangible things) any requested item, to which they are attached or with which they are enclosed, and each draft thereof.

The term "document" includes the original and all copies of the document or any part of the document.

3. "Communication" shall mean any transmission of information by oral, graphic, written, pictorial, or otherwise perceptible means, including but not limited to telephone conversations, text messages, Emails, social media correspondence, letters, memoranda, notes, telegrams, facsimile transmissions, meetings, and personal conversations.

4. "Employment" shall mean hiring, work, occupation, profession, trade, job, or other form of rendering services in return for compensation, whether full or part-time, permanent or temporary, self-employed or in the employ of another individual or business entity.

5. The unqualified term "person" means an individual, corporation, firm, company, sole proprietorship, partnership, unincorporated association, or business association or governmental entity.

6. "Relates to" means evidences, supports, constitutes, contains, records, discusses, summarizes, analyzes, discloses, and/or refers to, in whole or in part.

7. "And" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these production of document requests any information or document that might otherwise be construed to be outside its scope.

8. References to the singular shall include the plural; references to the plural shall include the singular.

9. References to the masculine shall include the feminine; references to the feminine shall include the masculine.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All CityTime (CitiTime) record and Payroll Management System records for all plaintiffs for the time period from June 9, 2011 ongoing to date and to be supplemented during the pendency of this lawsuit.

2. All documents that relate to the job duties and responsibilities of the plaintiffs while employed by defendants since June 9, 2011, including, but not limited to, position or job descriptions, job qualifications and criteria, employee handbooks, methods of operations, rules, regulations, standard operating procedures, instructional manuals, training booklets, intra-agency memoranda and correspondence, and posters or memoranda posted at the workplace or emailed to employees.

3. All documents that reflect the education and training that the plaintiffs have received during the time they have worked for the defendants.

4. All documents reflecting the pay and benefits plaintiffs are eligible to receive for the time period from June 9, 2011 to the present, and ongoing during the pendency of this lawsuit.

5. All documents reflecting whether plaintiffs are paid on an hourly or salaried basis, and any documents reflecting shift differentials, meal payments or other pay plaintiffs have

received in addition to their salaried or hourly pay for the time period from June 9, 2011, to the present and ongoing during the pendency of this lawsuit.

6. For the time period from June 9, 2011, to the present, and ongoing during the pendency of this lawsuit, all documents reflecting the amount of time during the work day that plaintiffs spend on various tasks including but not limited to all computer data that reflects the times that the plaintiffs are on computers, including but not limited to their assigned computer or the computer at their assigned desk, any work diaries or logs, any reports or other documents that reflect the time employees are working and related documents.

7. All documents for the time period from January 1995 to the present and ongoing during the pendency of this lawsuit, related to any timekeeping systems or programs that have been in place since June 11, 2011, including but not limited to the timekeeping program known as "Cititime," "CityTime" or CitiTime" or similar name (hereinafter "CityTime"), including but not limited to instructions on how to operate the system, any timekeeping manuals, memos discussing instructions to be given to employees, instructions given to employees related in any way to the timekeeping system.

8. Any studies, surveys or other documents related to plaintiffs' job duties and responsibilities.

9. Any studies, surveys or other documents related to how much time plaintiffs spend working.

10. All documents related to the process by which overtime pay is approved for payment to plaintiffs.

11. All documents related to how overtime is computed and/or paid for plaintiffs when they must travel to court for their job.

12. All documents related to how plaintiffs are compensated when they are working in removal situations.

13. All documents that reflect the method or means by which defendant has recorded plaintiffs' work time since June 11, 2011, including but not limited to CityTime.

14. All documents that reflect or reference the defendant's policies, procedures, rules and regulations concerning CityTime.

15. All documents that explain the purposes for which the City uses CityTime or any other timekeeping system in place.

16. Any instructions, guidance, explanation or other information concerning the use and purpose of CityTime or any other timekeeping system that are used for any of the employees of the Administration for Children's Services.

17. All documents explaining the timekeeping responsibilities of any supervisors and/or managers in the Administration for Children's Services.

18. Since June 9, 2011 and ongoing through the pendency of this litigation, all documents that reflect the time at which plaintiffs are working including but not limited to the computers on which plaintiffs work, Field Sheets, CityTime records, Connections entries, and any other such documents.

19. All documents relating to pre-approval of overtime for plaintiffs and the circumstances for which it is done.

20. All documents related in any way to the denial of requests for overtime compensation including but not limited to documents generally denying such requests for employees or

outlining when requests will be approved as well as denials of individual employees' requests for overtime pay or the right to perform overtime work.

21. All documents reflecting discipline of any kind, including but not limited to written reprimands, administered to employees working in the Administration of Children's Services because the employees performed overtime work.

22. All documents related to the "Connections" system including but not limited to any documents explaining the purposes of the system, its uses, any changes to "Connections" any instructions to employees (including supervisors and managers as well as individuals in plaintiffs' positions) regarding Connections, any memos to employees individually or collectively, regarding Connections, and any and all documents regarding Connections.

23. All documents that explain or otherwise reflect when plaintiffs are paid in compensatory time versus cash for overtime work.

24. All documents related to or in which there is discussed or referenced in any way the application of the FLSA to plaintiff employees of the Administration of Children Services of the City of New York.

25. All documents sent to or received from AFSCME Local 371 regarding compensation and/or benefits received by plaintiffs.

26. All documents that relate to any lawsuits, arbitration or other legal action, actually filed or threatened, against defendant regarding the failure to comply with overtime requirements of the Fair Labor Standards Act.

27. All documents that reflect the methods, procedures and practices that have been in effect for compensating the plaintiffs, including compensatory time and payments for

"voluntary" and "involuntary" overtime, for the time period from June 9, 2011 to the present.

28. All documents that relate to the question of whether plaintiffs have been properly compensated under the FLSA.

29. All documents related to any defenses that defendants intend to raise to the claims in this case.

Respectfully Submitted,

/s/ Gregory K. McGillivary
Gregory K. McGillivary (SSN: 0280)
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855

Hope Pordy (HP 6253)
SPIVAK LIPTON, LLP
1700 Broadway
Suite 2100
New York, N.Y  10019
Phone: (212) 765-2100

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that Plaintiffs' First Request for Production of Documents was sent to defendant's counsel this 24th day of November, 2014, via electronic mail and U.S. Mail, first class delivery.

>Felice Ekelman
>Adam Gross
>Steven Seidenfeld
>JACKSON LEWIS LLP
>666 Third Avenue
>New York, NY 10017
>
>Jeffrey Brecher
>Jackson Lewis P.C. (Melville N.Y.)
>58 South Service Road, Suite 250
>Melville, NY 11747

>>/s/ Gregory K. McGillivary
>>Gregory K. McGillivary