# Exhibit B

# jackson | lewis

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI

GRAND RAPIDS, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN
MORRISTOWN, NJ

NAPA, CA
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
OVERLAND PARK, KS
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI

RALEIGH-DURHAM, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SAINT LOUIS, MO
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
STAMFORD, CT
TAMPA, FL
WASHINGTON, DC REGION
WHITE PLAINS, NY

DIRECT DIAL: (212) 545-4072
EMAIL ADDRESS: SARAH.HOOK@JACKSONLEWIS.COM

December 23, 2014

**VIA FEDEX**
Gregory K. McGillivary, Esq.
Sara L. Faulman, Esq.
Woodley & McGillivary
1101 Vermont Avenue, N.W.
Suite 1000
Washington, D.C. 20005

Re:   Keisha Foster v. City of New York,
New York
Case No.: 14 CIV 4142 (PGG)

Dear Counsel:

Enclosed are Defendant's Objections and Responses to Plaintiff's First Request for Production of Documents, along with documents Bates Nos. D000001 to D000080 in connection with the above-referenced matter.

Very truly yours,

JACKSON LEWIS P.C.

Sarah K. Hook

Enclosures

cc:   Felice B. Ekelman, Esq. (FIRM)
Jeffrey W. Brecher, Esq. (FIRM)
Adam S. Gross, Esq. (FIRM)
Steven J. Seidenfeld, Esq. (FIRM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEISHA FOSTER, et al.,

                                    Plaintiffs,

            -against-

CITY OF NEW YORK, NEW YORK.

                                    Defendant.

Case No.: 14 CIV. 4142(PGG)

**DEFENDANT'S RESPONSES
AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST
FOR THE PRODUCTION OF
DOCUMENTS**

Defendant City of New York, New York, ("Defendant"), by and through their undersigned attorneys, for their objections and responses to Plaintiffs' First Request for the Production of Documents, state as follows:

## GENERAL COMMENTS AND QUALIFICATIONS

These General Comments and Qualifications are incorporated as if fully restated in each and every answer to Plaintiffs' Requests.

Defendant makes the objections and answers contained herein without waiver of any right or privilege to object to the introduction in evidence, in this or any other action or proceeding, of any information provided in these responses or information contained in any of the documents or the introduction of any of the documents themselves, upon the grounds of competency, relevancy, privilege, materiality, hearsay, lack of foundation, authenticity or any other proper ground. Further, Defendant makes no representations of authenticity with respect to any document or tangible thing produced hereunder.

Defendant has endeavored, at this stage of the litigation, to respond to Plaintiffs' requests on the basis of the best data available. Although persons who are non-parties, and who are not now employees of Defendant may have information relevant to the subject matter of

1

Plaintiffs' requests, Defendant is not purporting to provide material, if any, presently possessed by such persons. The information contained herein and the documents furnished herewith have been compiled based on information currently known to Defendant. Defendant reserves the right to supplement these responses if, and when, appropriate.

The responses set forth herein are made without waiving the following: the right to object on any and all proper grounds, at any time, to other interrogatories, discovery requests, or other discovery procedures involving or relating to the subject matter of the document requests herein responded to; and the right at any time to revise, correct modify, supplement or clarify any of the responses provided herein.

In the event any information or documents are inadvertently produced which fall within the attorney-client privilege and/or are protected by attorney work product privileges or immunity, Defendant shall not be deemed to have waived their privileges or immunity as to such information or documents or any other matter arising during the course of this litigation or any subsequent proceeding.

The foregoing Comments and Qualifications are incorporated as if fully restated in each and every response to Plaintiffs' First Request for the Production of Documents.

## GENERAL OBJECTIONS

1.     Defendant objects to each document request ("request") on the grounds that it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendant objects to each request on the grounds that it requests confidential and/or proprietary information and/or material.

3.     Defendant objects to each request on the grounds that it requests information and/or documents which are subject to the attorney-client privilege, the work

2

product privilege, the self-evaluative privilege, and/or any other privilege recognized by statute, at common law, by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

4.     Defendant objects to each request on the grounds that it requests Defendant to obtain information and/or documents from persons over whom Defendant has no control on the grounds that this request exceeds the permissible scope of discovery.

5.     Defendant objects to each request on the grounds that it is vexatious, unduly burdensome and/or is designed solely to harass Defendant.

6.     Defendant objects to each request on the grounds that the information and/or documents are not accessible because of undue burden or cost.

7.     Defendant objects to each request on the grounds it is unduly burdensome, as conceivably numerous individuals may have such knowledge or information.

8.     Defendant objects to each request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.

9.     Defendant objects to each request on the grounds it is cumulative and redundant.

10.     Defendant objects to each request on the grounds that it seeks confidential, sensitive information disclosure of which could compromise Defendant's operations and result in disclosure of confidential business information.

11.     Defendant objects to each request on the grounds that it seeks confidential, sensitive and personal information, disclosure of which would invade the privacy rights of current and/or former employees and/or prospective employees of Defendant who are not parties to this action.

12.    Defendant objects to each request on the grounds that it is not probative of Plaintiffs' claims herein and/or is unduly prejudicial.

13.    Defendant objects to each request on the grounds that the time period encompassed by said request is overly broad and irrelevant.

14.    Defendant objects to each request to the extent the time period encompassed by said request is undefined, overbroad and irrelevant to the extent that it pre-dates the allegations set forth in the Plaintiffs' Complaint.

15.    Defendant objects to each request on the grounds that it seeks documents or information which is in Plaintiffs' possession.

## REQUEST NO. 1

All CityTime(CitiTime) record and Payroll Management System records for all plaintiffs for the time period from June 9, 2011 ongoing to date and to be supplemented during the pendency of this lawsuit.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 2

All documents that relate to the job duties and responsibilities of the plaintiffs while employed by defendants since June 9, 2011, including, but not limited to, position or job descriptions, job qualifications and criteria, employee handbook, methods of operations, rules, regulations, standard operating procedures, instructional manuals, training booklets, intra-agency memoranda and correspondence, and posters or memoranda posted at the workplace or emailed to employees.

## OBJECTIONS

Defendant objects to this request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant. Defendant objects to this request to the extent it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent that it is overbroad to the extent that it requests production of all documents that relate to plaintiffs' employment including all job descriptions, interagency memos, training booklets and posters. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 3

All documents that reflect the education and training that the plaintiffs have received during the time they have worked for the defendants.

## OBJECTIONS

Defendant objects to this request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant.  Defendant objects to this request to the extent it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also object to this request as it is overbroad to the extent that it requests all documents reflecting Plaintiffs' education and training without regarding to time period or subject matter.  Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 4

All documents reflecting the pay and benefits plaintiffs are eligible to receive for the time period from June 9, 2011 to the present, and ongoing during the pendency of this lawsuit.

## OBJECTIONS

Defendant objects to this request to the extent that it is overbroad.  Defendant further objects to this request on the grounds that it is vague, ambiguous, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 5

All documents reflecting whether plaintiffs are paid on an hourly or salaried basis, and any documents reflecting shift differentials, meal payments or other pay plaintiffs have received in addition to their salaried or hourly pay for the time period from June 9, 2011 to the present and ongoing during the pendency of this lawsuit.

## OBJECTIONS

Defendant objects to this request to the extent that it is overbroad.  Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 6

For the time period from June 9, 2011, to the present, and ongoing during the pendency of this lawsuit, all documents reflecting the amount of time during the work day that plaintiffs spend on various tasks including but not limited to all computer data that reflects the times that the plaintiffs are on computers, including but not limited to their assigned computer or the computer at their assigned desk, any work diaries or logs, any reports or other documents that reflect the time employees are working and related documents.

## OBJECTIONS

Defendant objects to this request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 7

All documents for the time period from January 1995 to the present and ongoing during the pendency of this lawsuit, related to any timekeeping systems or programs that have been in place since June 11, 2011, including but not limited to the timekeeping program known as "Cititime." "CityTime" or CitiTime" or similar name (hereinafter "CityTime"), including but not limited to instructions on how to operate the system, any timekeeping manuals, memos discussing instructions to be given to employees, instructions given to employees related in any way to the timekeeping system.

## OBJECTIONS

Defendant objects to this request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant.   Defendant further objects to this request to the extent it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects to this request on the grounds that the time encompassed by said request is overly broad and irrelevant. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 8

Any studies, surveys or other documents related to plaintiffs' job duties and responsibilities.

## OBJECTIONS

Defendant objects to this request to the extent it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.   Defendant further objects to this request as vague and ambiguous. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 9

Any studies, surveys or other documents related to how much time plaintiffs spend working.

## OBJECTIONS

Defendant objects to this request to the extent it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 10

All documents related to the process by which overtime pay is approved for payment to plaintiffs.

## OBJECTIONS

Defendant objects to this request to the extent that it is overbroad. Defendant further objects to this request on the grounds that it is vague, ambiguous, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have  not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 11

All documents related to how overtime is computed and/or paid for plaintiffs when they must travel to court for their jobs.

## OBJECTIONS

Defendants object to this request to the extent that it is overbroad. Defendant further objects to this request on the grounds that it is vague, ambiguous, or otherwise lacks sufficient precision to permit an answer.  Defendant objects to this request on the grounds that the time encompassed by said request is overly broad and irrelevant. Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

15

## REQUEST NO. 12

All documents related to how plaintiffs are compensated when they are working in removal situations.

## OBJECTIONS

Defendant objects to this request to the extent that it is overbroad. Defendant further objects to this request on the grounds that it is vague, ambiguous, or otherwise lacks sufficient precision to permit an answer.   Defendant further objects to the extent the term "removal situations" is undefined, vague and ambiguous. Defendant also objects to this request for all documents of Defendant relating to "removal situations" without regarding to time period. Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 13

All documents that reflect the method or means by which defendant has recorded plaintiffs' work time since June 11, 2011, including but not limited to CityTime.

## OBJECTIONS

Defendant objects to this request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant.   Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 14

All documents that reflect or reference the defendant's policies, procedures, rules and regulations concerning CityTime.

## OBJECTIONS

Defendant objects to this request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant.   Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant objects to this request to the extent that it is overbroad. Defendant further objects to the extent it seeks all documents reflecting Defendant's policies, procedures, rules and regulations concerning CityTime without regarding to time period.   Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 15

All documents that explain the purposes for which the City uses CityTime or any other timekeeping system in place.

## OBJECTIONS

Defendant objects to the extent that it is overbroad. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant objects to this request to the extent that it is overbroad. Defendant further objects to the extent it seeks all documents that explain the purpose for which the City uses CityTime or any other timekeeping system in place without regarding to time period. Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 16

Any instructions, guidance, explanation or other information concerning the use and purpose of CityTime or any other timekeeping system that are used for any of the employees of the Administration for Children's Services.

## OBJECTIONS

Defendant objects to this request to the extent that it is overbroad. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to the extent it seeks all documents of Defendant's reflecting instructions, guidance, explanation or other information concerning the use and purpose of CityTime or any other timekeeping system without regarding to time period. Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 17

All documents explaining the timekeeping responsibilities of any supervisors and/or managers in the Administration for Children's Services.

## OBJECTIONS

Defendant objects to this request to the extent that it is overbroad.  Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to the extent it seeks all documents of Defendant explaining the timekeeping responsibilities of any supervisors and/or managers in the Administration for Children's Services without regarding to time period.  Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 18

Since June 9, 2011 and ongoing through the pendency of this litigation, all documents that reflect the time at which plaintiffs are working including but not limited to the computers on which plaintiffs work, Field Sheets, CityTime records, Connection entries, and any other such documents.

## OBJECTIONS

Defendant objects to this request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant.   Defendant objects to this request to the extent it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 19

All documents relating to pre-approval of overtime for plaintiffs and the circumstances for which it is done.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to the extent it seeks all documents of Defendant's relating to pre-approval of overtime for plaintiffs without regarding to time period. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 20

All documents related in any way to the denial of requests for overtime compensation including but not limited to documents generally denying such requests for employees or outlining when requests will be approved as well as denials of individual employees' requests for overtime pay or the right to perform overtime work.

## OBJECTIONS

Defendant objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to the extent it seeks all documents of Defendant relating to denial of overtime requests without regarding to time period. Defendant further object to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 21

All documents reflecting discipline of any kind, including but not limited to written reprimands, administered to employees working in the Administration of Children's Services because the employees performed overtime work.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to the extent it seeks all documents of Defendant relating to discipline of any kind, including but not limited to written reprimands, administered to employees working in the Administration of Children's Services because the employees performed overtime work without regarding to time period. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 23

All documents that explain or otherwise reflect when plaintiffs are paid in compensatory time versus case for overtime work.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to the extent it seeks all documents of Defendant relating to when plaintiffs are paid in compensatory time versus case for overtime work without regarding to time period. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order has not yet been jointly executed and so Ordered by the Court. Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests.

## REQUEST NO. 22

All documents related to the "Connections" system including but not limited to any documents explaining the purposes of the system, its uses, any changes to "Connections" any instructions to employees (including supervisors and managers as well as individuals in plaintiffs' positions) regarding Connections, any memos to employees individually or collectively, regarding Connections, and any and all documents regarding Connections.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to the extent it seeks all documents of Defendant relating to "Connections" without regarding to time period. Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 24

All documents related to or in which there is discussed or referenced in any way the application of the FLSA to plaintiff employees of the Administration of Children Services of the City of New York.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to the extent it seeks all documents of Defendant relating to the application of FLSA without regarding to time period. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 25

All documents sent to or received from AFSCME Local 371 regarding compensation and/or benefits received by plaintiffs.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.  Defendant further objects to the extent it seeks all documents of Defendant relating to AFSCME Local 371 without regarding to time period. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order has not yet been jointly executed and so Ordered by the Court.

## RESPONSE

Subject to the above and general objections Defendant states as follows:  See documents Bates stamped D000001 to D000080.

## REQUEST NO. 26

All documents that relate to any lawsuits, arbitration or other legal action, actually filed or threatened, against defendant regarding the failure to comply with overtime requirements of the Fair Labor Standards Act.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to this request to the extent it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 27

All documents that reflect the methods, procedures and practices that have been in effect for compensating the plaintiffs, including compensatory time and payments for "voluntary" and "involuntary" overtime, for the time period from June 9, 2011 to the present.

## OBJECTIONS

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

## REQUEST NO. 28

All documents that relate to the question of whether plaintiffs have been properly compensated under the FLSA.

## OBJECTIONS

Defendant objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer. Defendant further objects to this request as a Joint Stipulation and Order Regarding Phase I Discovery and Confidentiality Order have not yet been jointly executed and so Ordered by the Court.

32

## REQUEST NO. 29

All documents related to any defenses that defendants intend to raise to the claims in this case.

## OBJECTIONS

Defendant objects to this request on the grounds it is cumulative and redundant of prior document requests. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: December 23, 2014        By:
      New York, New York

Felice B. Ekelman, Esq.
Jeffrey S. Brecher, Esq.
Steven J. Seidenfeld, Esq.
Sarah K. Hook, Esq.

*ATTORNEYS FOR DEFENDANT*

33

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2014, a true and correct copy of Defendant's Responses to Plaintiffs' First Request for the Production of Documents was served on Plaintiffs, by placing the foregoing in a properly addressed envelope and causing it to be sent by FedEx to Plaintiffs' counsel of record at the below address:

GREGORY K. MCGILLIVARY, ESQ.
SARA L. FAULMAN, ESQ.
WOODLEY & MCGILLIVARY
1101 Vermont Avenue, N.W., Suite 1000
Washington, D.C. 20005

Sarah K. Hook, Esq.

4818-2997-8401, v. 4

34