# Exhibit C

**From:** Ekelman, Felice B. (NYC) [mailto:EkelmanF@JacksonLewis.com]
**Sent:** Monday, November 02, 2015 10:49 AM
**To:** 'Greg McGillivary' <gkm@wmlaborlaw.com>; Hook, Sarah K. (NYC) <Sarah.Hook@jacksonlewis.com>; Brecher, Jeffrey W. (Long Island) <BrecherJ@jacksonlewis.com>
**Cc:** 'Molly Elkin' <mae@wmlaborlaw.com>; 'Diana J Nobile' <djn@wmlaborlaw.com>; ''S Burroughs Robin' <rsb@wmlaborlaw.com>; 'Hope Pordy' <hpordy@SpivakLipton.com>
**Subject:** RE: Foster and de la Cruz

Greg—

I believe we have already responded to your first three concerns.

Regarding item number four, as we have stated, our position is that while the assertion of the good faith defense may result in the implied waiver of the privilege, the scope of that waiver is limited, and would include only communications between legal and City officials responsible for making decisions relevant to the issues in the case.  Other communications, documents, and scope of work performed by attorneys are protected by the attorney client and work product privileges.

Felice

Felice B. Ekelman

Attorney at Law
Jackson Lewis P.C.
666 Third Avenue
New York, NY  10017

212-545-4005 | Direct
212-972-3213 | Fax

ekelmanf@jacksonlewis.com

www.jacksonlewis.com
**Representing management exclusively in workplace law and related litigation.**

---

**From:** Greg McGillivary [mailto:gkm@wmlaborlaw.com]
**Sent:** Tuesday, October 27, 2015 1:30 PM
**To:** Ekelman, Felice B. (NYC); Hook, Sarah K. (NYC); Brecher, Jeffrey W. (Long Island)
**Cc:** 'Molly Elkin'; 'Diana J Nobile'; ''S Burroughs Robin'; 'Hope Pordy'
**Subject:** Foster and de la Cruz

Felice:

We wanted to touch base regarding several pending discovery concerns.

First, thank you for providing Connections data for one day under the old system and one day under the new system for Keisha Foster. Unfortunately, we need more information to evaluate whether this data is relevant or could lead to other relevant information. Please provide one week's worth of data for Keisha Foster under the old system and one week under the new system. After we receive this additional information, we will be in a better position to let you know whether we will seek Connections data for all plaintiffs or the parties can reach agreement on this information being irrelevant, if this proves to be true.  At this point, however, we do not have sufficient information to make that determination.

Second, please provide a privilege log identifying responsive documents for which you are claiming a privilege in both Foster and De La Cruz. A privilege log is long overdue; please provide one by tomorrow.

Third, with respect to emails from management officials, we want to reiterate our position that management emails are responsive to our requests and are relevant in this matter. While we are entitled to a production of all relevant emails of all management officials, at this time we are willing to limit discovery to the search terms we previously used on 5% of managers chosen by plaintiffs.  Based on your representation that there are 115-125 managers in each case, this means we will forward you the names of 6 managers from each case for purposes of the email production.  Since you have not provided us with any names, we will need to consult with our clients. We anticipate that we can get you the names by early next week. After we receive the emails from these 6, using the same search terms to which the plaintiffs agreed for searching the plaintiffs' emails, we can reevaluate whether further production will be necessary

Fourth, in response to our pre-motion discussion last Wednesday, we are not willing to stipulate that the only relevant communications are those between Jackson Lewis (JL) and the Agency officials in each case.   Since the City is asserting the good faith defense in both cases, plaintiffs are entitled to all communications between JL and the City. Defendant cannot shield this information from discovery if it is relying on the advice of counsel as part of its good faith defense to liquidated damages; further, any communications with the Department of Labor would not be subject to any privilege at all. Accordingly, we will be filing a motion to compel on this issue.

Please let me know if you have any questions.

Greg

Gregory K. McGillivary
WOODLEY & MCGILLIVARY LLP
1101 Vermont Ave NW, Suite 1000
Washington, DC 20005
Phone: (202)-833-8855
Fax:  (202)-452-1090
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic message transmission contains information from the law firm of Woodley & McGillivary which may be confidential and privileged.  The information is intended to be for the use of the individual entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.
If you have received this electronic transmission in error, please notify us by telephone
(202) 833-8855 or by electronic mail
(info@wmlaborlaw.com).
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.