# Exhibit F



Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

ALBANY, NY · GREENVILLE, SC · MONMOUTH COUNTY, NJ · RALEIGH, NC
ALBUQUERQUE, NM · HARTFORD, CT · MORRISTOWN, NJ · RAPID CITY, SD
ATLANTA, GA · HONOLULU, HI* · NEW ORLEANS, LA · RICHMOND, VA
AUSTIN, TX · HOUSTON, TX · NEW YORK, NY · SACRAMENTO, CA
BALTIMORE, MD · INDIANAPOLIS, IN · NORFOLK, VA · SALT LAKE CITY, UT
BIRMINGHAM, AL · JACKSONVILLE, FL · OMAHA, NE · SAN DIEGO, CA
BOSTON, MA · KANSAS CITY REGION · ORANGE COUNTY, CA · SAN FRANCISCO, CA
CHICAGO, IL · LAS VEGAS, NV · ORLANDO, FL · SAN JUAN, PR
CINCINNATI, OH · LONG ISLAND, NY · PHILADELPHIA, PA · SEATTLE, WA
CLEVELAND, OH · LOS ANGELES, CA · PHOENIX, AZ · ST. LOUIS, MO
DALLAS, TX · MEMPHIS, TN · PITTSBURGH, PA · STAMFORD, CT
DAYTON, OH · MIAMI, FL · PORTLAND, OR · TAMPA, FL
DENVER, CO · MILWAUKEE, WI · PORTSMOUTH, NH · WASHINGTON, DC REGION
DETROIT, MI · MINNEAPOLIS, MN · PROVIDENCE, RI · WHITE PLAINS, NY
GRAND RAPIDS, MI

*through an affiliation with Jackson Lewis P.C., a Law Corporation

DIRECT DIAL: (212) 545-4005
EMAIL ADDRESS: EKELMANF@JACKSONLEWIS.COM

September 25, 2015

**VIA U.S. MAIL AND EMAIL**

Gregory K. McGillivary, Esq.
Woodley & McGillivary
1101 Vermont Avenue, N.W.
Suite 1000
Washington, D.C. 20005

Re:   *Foster v. City of New York*
      Case No.: 14-cv-04142 (PGG)

Dear Greg:

We write regarding Plaintiffs' Notice of Rule 30(b)(6) Deposition – As To Defendant's Efforts to Comply With The Fair Labor Standards Act, dated September 2, 2015, to which Defendant objects for the reasons set forth below. As required under Rule 37 of the Federal Rules of Civil Procedure, this letter is written in good faith to resolve any discovery disputes without seeking the Court's intervention.

**Objection to Subject Matter (a)**

Defendant objects to Subject Matter (a) on the grounds that it is overbroad and vague. Defendant requests that Plaintiffs state with specificity those topics on which they request information. Additionally, Defendant objects to this request to the extent it seeks information protected by the attorney-client and/or work-product privilege, or that constitutes material prepared in anticipation of litigation or for litigation purposes.

**Objection to Subject Matter (b)**

Defendant objects to Subject Matter (b) on the ground that Defendant does not have a "polic[y] or practice[] of not compensating employees of the Administration for Children's Services for all time recorded by CityTime." As such, Defendant cannot produce a witness to testify as to a non-existent policy. Additionally, Defendant objects to this request to the extent it seeks information protected by the attorney-client and/or work-product privilege, or that constitutes material prepared in anticipation of litigation or for litigation purposes.



Attorneys at Law

Gregory K. McGillivary, Esq.
Woodley & McGillivary
September 25, 2015
Page 2

       To the extent this request is seeking non-privileged information regarding Defendant's policy that a Plaintiff must certify in CityTime that s/he has requested compensation for any time worked in excess of his/her scheduled hours, i.e. when the employee may have logged in/out earlier/later than his/her scheduled time, for which s/he has not requested compensation, was time not worked, Defendant would be willing to produce a witness to testify as to such policy. Please confirm that this is acceptable to plaintiffs.

**Objections to Subject Matter (c)**

       Defendant objects to Subject Matter (c) on the ground that that Defendant does not have a policy or practice of not compensating employees of the Administration for Children's Services for all time worked during the unpaid, one-hour meal period. As such, Defendant cannot produce a witness to testify as to a non-existent policy.

**Objections to Subject Matter (d)**

       Defendant objects to Subject Matter (d) to the extent it seeks information protected by the attorney-client and/or work-product privilege, or that constitutes material prepared in anticipation of litigation or for litigation purposes.

**Objections to Subject Matter (e)**

       Defendant objects to Subject Matter (e) on the ground that it is duplicative of Subject Matter (a) and/or Subject Matter (d) in this Notice of Deposition as well as duplicative of subject matters contained in Plaintiffs' Notices of Deposition regarding job duties, timekeeping and meal periods. Additionally, Defendant objects to this request to the extent it seeks information protected by the attorney-client and/or work-product privilege, or that constitutes material prepared in anticipation of litigation or for litigation purposes.

       Very truly yours,

       JACKSON LEWIS P.C.

       Felice B. Ekelman

cc:  Hope Pordy, Esq. (via e-mail)
      Andrea O'Connor, Esq. (via e-mail)
      Sarah K. Hook, Esq. (FIRM)
      Steven J. Seidenfeld, Esq. (FIRM)

4820-3622-7369, v. 1