# Exhibit G

LAW OFFICES

# WOODLEY & McGILLIVARY LLP

1101 VERMONT AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005
TELEPHONE: (202) 833-8855
FAX: (202) 452-1090
E-MAIL: INFO@WMLABORLAW.COM

THOMAS A. WOODLEY
GREGORY K. McGILLIVARY
DOUGLAS L. STEELE
MOLLY A. ELKIN
BALDWIN ROBERTSON
DAVID RICKSECKER
MEGAN K. MECHAK
SARA L. FAULMAN
CHRISTOPHER M. FRANZONI
DIANA J. NOBILE
REID COPLOFF
MICHAEL R. WILLATS1
SARA A. CONRATH1
ROBIN L.S. BURROUGHS‡
DONNA K. McKINNON

EDWARD J. HICKEY, JR.
(1912-2000)

OF COUNSEL
NANCY B. STONE

1 ADMITTED IN VA ONLY
‡ ADMITTED IN MD ONLY

October 16, 2015

**VIA ELECTRONIC MAIL AND**
**REGULAR MAIL**
Felice Ekelman
JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017

      Re:    Foster, et. al., v. City of New York
               Case No. 14-cv-04142 (PGG)

Dear Felice:

      This is in response to your letter of September 25, 2015, regarding the FRCP 30(b)(6) deposition notice as to Defendant's Efforts to Comply with the Fair Labor Standards Act in the above-referenced case. In response to your concern/questions about specific paragraphs in the notices, we respond as set forth below.

**Responses Applicable to All Subject Matters**

      Defendant's objection to the extent that Subject Matters (a) through (e) call for information covered by the attorney-client privilege has no merit. If defendant is asserting a good faith defense under either 29 U.S.C. § 259 or 260, the attorney/client privilege with respect to efforts to comply with the FLSA is waived. The attorney-client privilege does not apply if the defendant intends to rely upon the advice of counsel as a defense to liquidated damages or the imposition of a third year of liability. *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (employers in an FLSA action may only assert an advice of counsel defense if they can demonstrate (1) a request for advice of counsel on the legality of a proposed action, (2) full disclosure of the relevant facts, (3) receipt of advice that the action to be taken is legal, and (4) reliance in good faith on that advice). *See also Markowski v. SEC*, 34 F.3d 99, 104-105 (2d Cir. 1994) (same, in a case affirming the decision of the SEC); *Wang v. Hearst Corp.*,

2012 U.S. Dist. LEXIS 179609, *7-8 (S.D.N.Y. Dec. 19, 2012) ("Defendant's assurance that it would 'limit any good faith defense to one in which the state of mind was not formed on the basis of legal advice' amounts to little more than semantics without any concrete examples provided by defendants. On the other hand, I find it difficult to imagine that a good faith defense regarding the FLSA raised by a corporation as large and as sophisticated as [defendant] would not involve the advice of its legal department, and the section of the deposition provided to me confirms at least that much.").

### Subject Matter (a)

To clarify, the request specifies that plaintiffs are interested in the defendant's policies, practices and procedures to ensure compliance with the FLSA only with respect to the pay received by employees of the Administration of Children's Services. I am surprised that you don't understand what this requests: what are the policies of the City to ensure it is in compliance with the FLSA? Does it run the pay practices through the City attorney? Do any analysis. Further, what actions have been taken by defendant, including the institution and enforcement of all policies, practices and procedures related to FLSA compliance with respect to employees of the Administration of Children's Services are relevant for purposes of liquidated damages.

### Subject Matter (b)

To clarify, the City does have a practice of not paying for employees' time that is recorded on defendant's time keeping system as "uncompensated time," which it recently changed to "non-compensable time.. This request addresses that practice to determine what, if anything, defendant has done to see if this complies with the FLSA or what it did before instituting this to see if it complies with the FLSA. Of course, we will also explore why the change in the nomenclature was made on this from uncompensated time to non-compensable time. It is undisputed that Defendants have a practice of not compensating employees for pre-shift and post-shift time which is captured and classified in CityTime as "uncompensated" or now, "non-compensable time."

Further, as testimony regarding defendant's policy of requiring employees to sign a certification on CityTime is encompassed by Subject Matter (b), plaintiffs certainly consent to the production of a witness to testify as to this policy.

### Subject Matter (c)

To clarify, the request includes "Defendant's policies *and practices*," and it is undisputed that defendants have both a policy and a practice of automatically deducting one hour of pay per day to account for each employee's scheduled meal period. We are questioning whether anything has been done to determine whether this particular practice complies with the FLSA and/or what particular issues related to the FLSA that such a practice or policy may raise.

Felice Ekelman
Page 3 of 3

**Subject Matter (d)**

Defendant's objection has no merit. See Responses Applicable to All Subject Matters, above. Moreover, the communications themselves, if any, with the Department of Labor would not be protected by the attorney/client privilege.

**Subject Matter (e)**

Defendant asserts in the Seventh and Tenth defenses in its answer that at all times it acted in good faith compliance with the FLSA. To the extent that there are any facts that support this defense that are not covered by the other deposition subjects, defendant should produce a witness who can testify about them in response to this category.

Sincerely,

WOODLEY & McGILLIVARY LLP

Gregory K. McGillivary

cc: Hope Pordy (via e-mail)
 Andrea O'Connor (via e-mail)
 Sarah K. Hook (via e-mail)
 Steven J. Seidenfeld (via e-mail)