# Exhibit K

LAW OFFICES

# WOODLEY & McGILLIVARY LLP

1101 VERMONT AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005
TELEPHONE: (202) 833-8855
FAX: (202) 452-1090
E-MAIL: INFO@WMLABORLAW.COM

THOMAS A. WOODLEY
GREGORY K. McGILLIVARY
DOUGLAS L. STEELE
MOLLY A. ELKIN
BALDWIN ROBERTSON
DAVID RICKSECKER
MEGAN K. MECHAK
SARA L. FAULMAN
CHRISTOPHER M. FRANZONI
DIANA J. NOBILE
REID COPLOFF
MICHAEL R. WILLATS
SARA A. CONRATH
ROBIN L.S. BURROUGHS
DONNA K. McKINNON

EDWARD J. HICKEY, JR.
(1912-2000)

OF COUNSEL
NANCY B. STONE

April 20, 2015

**By E-Mail and Regular First Class Mail**
Felice Ekelman
JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017

> Re: Discovery Matters
> *Foster et al v. City of New York*, Case No. 1:14-cv-04142-PGG

Dear Felice,

This letter concerns several discovery matters in the above captioned case.

**Defendant's Document Production**

To date, the City has only produced a single document – the labor contract between the City of New York and District Council 37 (D1-80) – in response to the plaintiffs' first requests for production of documents, which were served on the defendant on November 24, 2014. According to the City's response, many documents were withheld pending the parties' submission of a confidentiality agreement. This agreement was submitted to the Court on March 9, 2015, however, the City has failed to produce additional documents responsive to the plaintiffs' requests. On or before April 22, 2015, please provide an update regarding when the City will produce documents responsive to the plaintiffs' November 24, 2014 request.

**Phase-One Plaintiffs Discovery Response Deadline**

The plaintiffs request an extension of time to produce responses to the defendant's request for production of documents and interrogatories such that Phase-One plaintiffs' responses will be due on **May 29, 2015**. Please let us know if the City consents to this request.

**Defendant's First Request for Production of Documents to Phase-One Plaintiffs**

As you know, many of defendant's requests for production of documents to Phase-One plaintiffs seek documents that are exclusively in the possession, custody, and control of the

Felice Ekelman
April 20, 2015
Page 2

defendant. *E.g.* Defendant's First Production of Documents, Request No. 3 ("All documents identifying the hours for which each Phase-One Plaintiff was allegedly not compensated); Request No. 4 ("All documents identifying any instructions each Phase-One Plaintiff received regarding how to record hours of work in CityTime."); Request No. 5. ("All documents identifying the time worked on a daily, weekly, and other basis by each Phase-One Plaintiff while employed by Defendant during the three year period prior to the dates Plaintiffs filed a consent to join this case including diaries, field sheets, daytimers, calendars, "black books" and other records recording time worked."); Request No. 10 ("All documents each Phase-One Plaintiff received relating to instructions or guidance regarding recording all hours worked."). Specifically, documents such as the defendant's CityTime records, CityTime instructions, office e-mails, field sheets, and black books are responsive to some or all of these requests, but are maintained by the City. Requiring the Phase-One plaintiffs to access and produce such documents is unnecessarily burdensome, and in some instances, impossible in light of the City's own work rules.

The CityTime records demonstrating the Phase-One plaintiffs' uncompensated work hours are maintained as part of the CityTime system, and thus are not in the plaintiffs' possession, custody, or control. While the Phase-One plaintiffs have access to some of their CityTime information, requiring the plaintiffs to download and print out all of this data for a three-year period would be unnecessarily burdensome and duplicative, as the City has agreed to produce this data to the plaintiffs' counsel in electronic format. As such, the Phase-One plaintiffs will not produce the City's own CityTime records in response to these requests.

Further, pursuant to the City's work rules, completed black books and field sheets are submitted to plaintiffs' managers and thus are not in the plaintiffs' possession, custody, or control. Plaintiffs are unable to produce current black books and field sheets because these documents are used daily by the plaintiffs and contain confidential information including clients' names, addresses, and phone numbers, and producing such documents would cause plaintiffs to violate the City's rules regarding unauthorized disclosure of this information.

The Phase-One plaintiffs will produce any documents responsive to the City's requests that are *not* in the City's possession, custody, and control, for example, personal calendars, personal logs, personal memos, and notes which are not turned into the plaintiffs' supervisors.

           Sincerely,

           WOODLEY & McGILLIVARY

           Gregory K. McGillivary

cc:    Hope Pordy, Esq. (via e-mail)