# Exhibit L

LAW OFFICES

# WOODLEY & McGILLIVARY LLP

1101 VERMONT AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005
TELEPHONE: (202) 833-8855
FAX: (202) 452-1090
E-MAIL: INFO@WMLABORLAW.COM

THOMAS A. WOODLEY
GREGORY K. McGILLIVARY
DOUGLAS L. STEELE
MOLLY A. ELKIN
BALDWIN ROBERTSON
DAVID RICKSECKER
MEGAN K. MECHAK
SARA L. FAULMAN
CHRISTOPHER M. FRANZONI
DIANA J. NOBILE
REID COPLOFF
MICHAEL R. WILLATS
SARA A. CONRATH
ROBIN L.S. BURROUGHS
DONNA K. McKINNON

EDWARD J. HICKEY, JR.
(1912-2000)

OF COUNSEL
NANCY B. STONE

July 8, 2015

**By E-Mail and Regular First Class Mail**
Felice Ekelman
JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017

    Re:    Discover Matters
            <u>Foster et al v. City of New York</u>, Case No. 1:14-cv-04142-PGG

Dear Felice,

       This is to follow up on the defendant's production of documents in this matter. In an April 20, 2015 letter, plaintiffs requested a status update on when defendant would produce document responsive to plaintiffs November 26, 2015 document request. To date, defendants have not produced any documents responsive to the following requests:

- Request No. 2: All documents that relate to the job duties and responsibilities of the plaintiffs while employed by defendant since June 9, 2011, including, but not limited to, position or job descriptions, job qualifications and criteria, employee handbooks, methods of operations, rules, regulations, standard operating procedures, instructional manuals, training booklets, intra-agency memoranda and correspondence, and posters or memoranda posted at the workplace or emailed to employee

- Request No. 3: All documents that reflect the education and training that the plaintiffs have received during the time they have worked for the defendant.

- Request No. 4: All documents reflecting the pay and benefits plaintiffs are eligible to receive for the time period from June 9, 2011 to the present, and ongoing during the pendency of this lawsuit.

Felice Ekelman
July 8, 2015
Page 2

- Request No. 5: All documents reflecting whether plaintiffs are paid on an hourly or salaried basis, and any documents reflecting shift differentials, meal payments or other pay plaintiffs have received in addition to their salaried or hourly pay for the time period from June 9, 2011, to the present and ongoing during the pendency of this lawsuit.

- Request No. 6: For the time period from June 9, 2011, to the present, and ongoing during the pendency of this lawsuit, all documents reflecting the amount of time during the work day that plaintiffs spend on various tasks including but not limited to all computer data that reflects the times that the plaintiffs are on computers, including but not limited to their assigned computer or the computer at their assigned desk, any work diaries or logs, any reports or other documents that reflect the time employees are working and related documents.

- Request No. 9: Any studies, surveys or other documents related to plaintiffs' job duties and responsibilities.

- Request No. 10: Any studies, surveys or other documents related to how much time plaintiffs spend working.

- Request No. 19: Since June 9, 2011 and ongoing through the pendency of this litigation, all documents that reflect the time at which plaintiffs are working including but not limited to the computers on which plaintiffs work, Field Sheets, CityTime records, Connections entries, and any other such documents.

- Request No 20: All documents relating to pre-approval of overtime for plaintiffs and the circumstances for which it is done.

- Request No. 21: All documents related in any way to the denial of requests for overtime compensation including but not limited to documents generally denying such requests for employees or outlining when requests will be approved as well as denials of individual employees' requests for overtime pay or the right to perform overtime work.

- Request No. 22: All documents reflecting discipline of any kind, including but not limited to written reprimands, administered to employees working in the Administration of Children's Services because the employees performed overtime work.

- Request No. 23: All documents related to the "Connections" system including but not limited to any documents explaining the purposes of the system, its uses, any changes to "Connections" any instructions to employees (including supervisors and managers as well as individuals in plaintiffs' positions) regarding Connections, any memos to employees individually or collectively, regarding Connections, and any and all documents regarding Connections.

Felice Ekelman
July 8, 2015
Page 3

- Request No. 25: All documents related to or in which there is discussed or referenced in any way the application of the FLSA to plaintiff employees of the Administration of Children Services of the City of New York.

- Request No. 27: All documents that relate to any lawsuits, arbitration or other legal action, actually filed or threatened, against defendant regarding the failure to comply with overtime requirements of the Fair Labor Standards Act.

- Request No. 29: All documents that relate to the question of whether plaintiffs have been properly compensated under the FLSA.

- Request No. 30: All documents related to any defenses that defendant intends to raise to the claims in this case.

Please provide a status update regarding when the defendant will produce documents responsive to such requests. If it will expedite the production of documents that are stored electronically (including e-mails and other electronic responsive the plaintiffs' requests), the plaintiffs propose that the parties confer to discuss search terms to assist in the production of electronically stored records. If we have not received a status update by July 15, 2015, the plaintiffs will seek intervention from the Court regarding these outstanding requests which were originally made more than eight months ago.

Further, defendant has produced some documents (specifically DE 81-291) that may be responsive to some of plaintiffs' requests (for example, Request No. 7, Request No. 11, Request No. 12, Request No. 13, Request No. 14, Request No 15, Request No. 16, Request No. 17, Request No. 18, Request No. 24, Request No. 28). However, based on our records, defendant has not submitted an updated responsive pleading since the defendant submitted its general boiler-plate objections on December 23, 2014. As such, the plaintiffs are unable to determine which documents produced are responsive to the plaintiffs' requests, or whether defendant intends to produce additional documents responsive to these requests. Please provide an updated pleading indicating which documents are responsive to each of plaintiffs' requests.

Finally, pursuant to the Joint Stipulation on Phase One discovery, the defendant was required to produce CityTime data and payroll management system (PMS) data for all plaintiffs by June 14, 2015. Based on our review of the data, the City provided one of two CityTime files (the CityTime Weekly Summary data), and five PMS files including: Employee Attribute, Leave Accrual, Leave Summary, Leave Usage, Pay Detail. We are still verifying the completeness of this data, however, we have verified that the City has not yet produced the CityTime file which contains plaintiffs' daily Punch In and Punch Out times. Additionally, with respect to the PMS files, a replacement Salary Parameter file is needed. In an initial review for completeness, we noted that the file provided only contained salary parameter data for 307 of the more than 1,200 Foster plaintiffs.  Please provide us a status update by July 15, 2015 regarding when can expect this additional data.

Felice Ekelman
July 8, 2015
Page 4

                                                      Sincerely,

                                                      WOODLEY & McGILLIVARY

                                                      Gregory K. McGillivary

cc:      Hope Pordy, Esq. (via e-mail)