# Exhibit N

LAW OFFICES
## WOODLEY & McGILLIVARY LLP
1101 VERMONT AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005
TELEPHONE: (202) 833-8855
FAX: (202) 452-1090
E-MAIL: INFO@WMLABORLAW.COM

THOMAS A. WOODLEY
GREGORY K. McGILLIVARY
DOUGLAS L. STEELE
MOLLY A. ELKIN
BALDWIN ROBERTSON
DAVID RICKSECKER
MEGAN K. MECHAK
SARA L. FAULMAN
CHRISTOPHER M. FRANZONI
DIANA J. NOBILE
REID COPLOFF
MICHAEL R. WILLATS
SARA A. CONRATH
ROBIN L.S. BURROUGHS
DONNA K. McKINNON

EDWARD J. HICKEY, JR.
(1912-2000)

OF COUNSEL
NANCY B. STONE

July 31, 2015

**By FedEx and Regular First Class Mail**
Felice Ekelman
JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017

      Re:    Discovery Matters
                 *Foster et al v. City of New York*, Case No. 1:14-cv-04142-PGG

Dear Felice:

      This is to follow up on several discovery matters.

**Defendant's Production of Documents**

      Thank you for providing clarification regarding the documents provided by the defendants in discovery thus far in your July 17, 2015 letter. With that letter, the City produced the Division of Administration, Office of Personnel Services, July 2005 Employee Manual (D001722-D001769) and the ACS Code of Conduct (D001770-D001781), significant portions of which were redacted. As the City has produced no justification for redacting these documents, which are clearly responsive to the plaintiffs' requests for production, we ask that you provide the unredacted versions by August 7, 2015.

      On our July 13, 2015 call, you agreed to inquire with your clients about the following documents related to our Requests for Production of Documents:

*Request 3:*
- On our call, we clarified that we were seeking documents regarding training on voluntary/involuntary overtime, timekeeping, how employees are paid, etc.
- You agreed to check with your clients on this issue. Please provide us with an update on the outcome of your inquiry.

Felice Ekelman
July 31, 2015
Page 2

*Request 6*:
- On our call, we clarified that we were seeking documents related to the computer activities of test plaintiffs, specifically Connections or log-on data that may show work performed during the uncompensated meal period.
- You agreed to check with your clients on this issue. Please provide us with an update on the outcome of your inquiry.

*Request 18:*
- On our call, we clarified that we are seeking Connections entries for test plaintiffs which is relevant for meal periods and post-shift activity, as well as remote access log-in information.
- You agreed to check with your clients on this issue. Please provide us with an update on the outcome of your inquiry.

*Request 20:*
- On our call, you stated that overtime approval is tracked in CityTime. We clarified that we are seeking documents showing the difference between pre-approved and voluntary overtime, for example, stating that pre-approved overtime is paid in cash and voluntary is only paid in compensatory time.
- You agreed to check with your clients on this issue. Please provide us with an update on the outcome of your inquiry.

*Request 21*:
- On our call, we clarified that we are seeking documents related to approval of overtime, for example, documents from supervisors/managers, or the City stating that overtime will not be paid due to budgetary constraints, etc.
- You informed us that CityTime data includes a field related to requests and denials of overtime. We have analyzed the data provided thus far, and did not see such a field. Can you please provide us further clarification on where this field exists in the data? If no such field exists in the CityTime data you have produced to date, please provide us with an update on when we will receive this data.

*Request 23:*
- On our call, we clarified that this request seeks documents including instructions regarding use of Connections, documents setting forth how Connections and Connections related data is maintained, criticism from supervisors, managers or directors regarding how plaintiffs are using the program, and test plaintiffs' entries capturing activity performed on Connections during uncompensated time at meal periods, pre-shift, or post shift.
- You agreed to check with your clients on this issue. Please provide us with an update on the outcome of your inquiry.

*Requests 25 and 27*:
- We still have not received any documentation related to the City or the Agency's attempts to comply with the FLSA, or instructions related to compliance with the FLSA.

Felice Ekelman
July 31, 2015
Page 3

- Please let us know whether or not such documents exists, and if so, when the City will be producing responsive documents.

**E-mail Search Terms**

The plaintiffs believe that the most efficient and least burdensome way for handling the production of City-maintained e-mail is to agree on a set of search terms. If the search terms appear in City-maintained e-mail, the City will produce those documents to the plaintiffs. The plaintiffs propose the following search terms, of course, with both the first letter capitalized and not capitalized:

overtime
voluntary
involuntary
compensatory
comp
cash
connections
approve
approval
approved
disapprove
disapproved
authorize
authorized
authorization
deny
denied
field w/15 outside
field w/15 night
field w/15 evening
pre-approved
pre-approval
cap
budget
CityTime
citytime
cititime
CitiTime
city w/2 time
lunch
meal
mandate
mandated
off-duty

Felice Ekelman
July 31, 2015
Page 4

off w/2 duty
home w/15 connections
home w/15 report
paid
pay
payment
pending
pre-authorize
pre-authorized
preauthorize
preauthorized

      Please let us know if you have any additional search terms to add to this list. You noted that you already have the emails from the facilities, but you must now apply agreed upon search terms to limit the scope of production. We request that you provide us with these documents by no later than August 15, 2015.  To avoid having to take depositions more than once, it would be helpful to obtain this information as soon as possible. We can then notice and take the depositions in September and October.

**Plaintiffs' Phase One Discovery**

      Enclosed please find a disc containing the following Phase One discovery responses:

- Interrogatory responses on behalf of Phase One plaintiffs Anika Clark, Geraldine Dorsaint, Aida Elshorbagi, Jessica Gonzalez, Tyrone Kippins, and Taisha Pratts;

- Verification page on behalf of Erica Hawkins; and

- Individualized response to the defendant's request for production of documents on behalf of all Phase One plaintiffs except Jessica Gamble, Nadia McCleod, Rochea London, Robert Weston, and Olusola Karimu, and documents bates stamped PLF 179-544.

                                      Sincerely,

                                      WOODLEY & McGILLIVARY

                                      Gregory K. McGillivary

cc:     Hope Pordy, Esq. (via e-mail)