# Exhibit O

LAW OFFICES
# WOODLEY & McGILLIVARY LLP

1101 VERMONT AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005
TELEPHONE: (202) 833-8855
FAX: (202) 452-1090
E-MAIL: INFO@WMLABORLAW.COM

THOMAS A. WOODLEY
GREGORY K. McGILLIVARY
DOUGLAS L. STEELE
MOLLY A. ELKIN
BALDWIN ROBERTSON
DAVID RICKSECKER
MEGAN K. MECHAK
SARA L. FAULMAN
CHRISTOPHER M. FRANZONI
DIANA J. NOBILE
REID COPLOFF
MICHAEL R. WILLATS
SARA A. CONRATH
ROBIN L.S. BURROUGHS
DONNA K. McKINNON

EDWARD J. HICKEY, JR.
(1912-2000)

OF COUNSEL
NANCY B. STONE

August 20, 2015

**By FedEx and Regular First Class Mail**
Felice Ekelman
JACKSON LEWIS LLP
666 Third Avenue
New York, NY 10017

Re:   Discovery Matters
      *Foster et al v. City of New York*, Case No. 1:14-cv-04142-PGG

Dear Felice:

This is to follow up on our August 18, 2015, call regarding the discovery issues outlined in our July 31, 2015, letter and your letter from yesterday.

On the call, you agreed to check with your client about providing an unredacted Employee Manual (D001722-D001769) and the ACS Code of Conduct (D001770-D001781). It appeared from the call that the only reason you redacted this information was relevance. Since we are entitled to information that could reasonably lead to evidence relevant in the case, this objection is invalid. If the objection is that the information in these documents is somehow confidential, the City extensively negotiated over and entered into a stipulation and protective order to ensure that sensitive information is safeguarded by the parties. Accordingly, there should be no issue with producing the unredacted documents. Simply mark them confidential. We look forward to receiving them soon.

This will confirm the following with respect to the plaintiffs' request for production of documents:

*Request 3:* You have confirmed that D000081-291 are the only documents in the City's possession responsive to this request.

*Request 6, 18, and 23*: As you mentioned in your letter, you have informed us that Connections login data and remote access login data are maintained by the State of New York,

Felice Ekelman
August 20, 2015
Page 2

and that you are working to ascertain whether the State will provide the City with access to this information. You thought you could give us an update on this within two weeks.

*Request 20:* This will confirm that you have informed us that your expert is working to finalize the CityTime punch in and punch out data (including the fields related to the approval and denial of overtime) for production, and that you will provide this data within seven days.

*Request 21*: This will confirm that you have informed us that other than the CityTime punch in and punch out data, emails that have not yet been produced, and 340C Weekly Overtime Authorization Forms (*e.g.*, D000248-000249), there are no other documents in the City's possession responsive to this request.

*Requests 25 and 27*: This will confirm that you have informed us that that the City is still searching for documents related to the City or the Agency's attempts to comply with the FLSA, or instructions related to compliance with the FLSA, and that you will be producing documents within 14 days from today responsive to this request.

We appreciate your continued efforts to work with us to identify useful email search terms. At your suggestion, we agree that you can eliminate "connections" and "pending" from the list of search terms we provided on July 31, 2015.

You informed us that the City produced to you 169,000 emails on behalf of 15 Phase One plaintiffs, and that 65,000 of those e-mails returned hits after running our proposed list of search terms. In order to more meaningfully evaluate the usefulness of the search terms suggested in our July 31, 2015 letter, we propose that the City provide us with the following information by August 25, 2015:

- The total number of hits for each of the terms listed in our July 31, 2015 letter (eliminating "connections" and "pending") for the initial group of 15 Phase One Plaintiffs;

- All emails that returned hits after running the terms listed in our July 31, 2015 letter (eliminating "connections" and "pending") for one of the 15 Phase One plaintiffs, specifically, the Phase One plaintiff with the greatest number of emails.

Once you have produced this information, we will be in a better position to further streamline the list of proposed search terms, and agree to send you a narrowed set of terms within seven days of receiving the information requested above.

Of course, once we agree on a list of search terms for the Phase One plaintiffs' emails, the City can use that same list to search for emails between management officials, as these emails are obviously responsive to plaintiffs' November 24, 2014 document requests. We are concerned that the City may have thought, inexplicably, that it only needed to produce emails between our clients and other employees. Of course, this is not the case. We also have requested emails using these search terms that are exchanged between management employees.

Felice Ekelman
August 20, 2015
Page 3

      Finally, we have confirmed that you provided the replaced Salary Parameter files requested in our July 8, 2015 e-mail as part of the City's July 17, 2015 production.

                                        Sincerely,

                                        WOODLEY & McGILLIVARY

                                        Gregory K. McGillivary

cc:     Hope Pordy, Esq. (via e-mail)