

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Andrea O'Connor**<br>Labor & Employment Law Division<br>Phone: 212-356-4015<br>Fax: 212-356-1148<br>aoconnor@law.nyc.gov |

December 21, 2020

**VIA ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      Re:    <u>Foster, et al. v. City of New York</u>
                  14 Civ. 4142 (PGG)(RWL)

                  <u>De La Cruz, et al. v. City of New York</u>
                  14 Civ. 9220 (PGG)(RWL)

Dear Judge Gardephe:

        I am the Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to represent the defendant in the above referenced actions. I write today in response to plaintiffs' December 18, 2020 "Motion Seeking to Expedite the Setting of Expert Discovery and Pre-Trial Deadlines." For the reasons set forth below, plaintiffs' "motion" is both unwarranted and premature and therefore defendant requests that it be denied.

        Plaintiffs made no contact with defendant regarding the schedules proposed in their motion. This is despite the fact that the motion concerns scheduling matters that should have first been the subject of a meet-and-confer between the parties and then, if necessary, been brought to the Court's attention. Instead of following that more efficient course, plaintiffs have inexplicitly chosen to engage the Court in needless motion practice and therefore defendant must now respond.

        With respect to expert discovery, as noted above, plaintiffs made no attempt to discuss an expert discovery schedule with defendant. As such, there has there is no dispute

regarding the timing or scope of such discovery that requires the Court's attention.[1]  Therefore, defendant respectfully requests that the Court deny plaintiffs' motion as premature and permit the parties to reach a mutually-agreeable expert discovery schedule to submit for the Court's review.

With respect to pre-trial submissions, plaintiffs' "motion" seeks to have the Court adopt their unilateral pre-trial submission schedule.  This motion is premature and runs afoul of the Court's Individual Rules.  Section X of Your Honor's Individual Rules states that, within 30 days of a decision resolving a dispositive motion, the parties shall submit to the Court for its approval a joint pretrial order setting forth the information required by Fed. R. Civ. P. 26(a)(3) as well as the information detailed in Section X(A)(1)-(11) of Your Honor's Individual Rules.  Here, as detailed below, there has not been a decision in connection with plaintiffs' dispositive "similarly situated" motion and therefore plaintiffs' motion is premature.

Plaintiffs' dispositive "similarly situated" motion was referred to Magistrate Judge Lehrburger on June 15, 2020.  On October 30, 2020, Magistrate Judge Lehrburger issued a Report and Recommendation finding that plaintiffs in each of the two respective actions are "similarly situated" such that the actions may each be tried collectively based on representative proof pursuant to FLSA § 216(b) (hereinafter "Report and Recommendation").  Defendant filed its Rule 72 objections to the Report and Recommendation on December 4, 2020.

In those objections, defendant respectfully requested that the Court reject the findings that all the Foster Plaintiffs and all the De La Cruz plaintiffs are similarly situated to all their co-plaintiffs such that their claims can proceed collectively to trial.  Defendant's objections in both cases further requested that the Report and Recommendation be modified such that the claims of certain plaintiffs in each case be tried together.[2]

Plaintiffs then filed their response to defendant's objections on December 18, 2020.  Eleven minutes after defendant's Rule 72 objections were fully briefed, plaintiffs filed the

---

[1] Even if there had been some dispute, the parties would have then had to comply with Your Honor's Individuals Rules of Practice regarding discovery disputes which require a single letter, jointly composed.

[2] Specifically, in Foster, defendant requested that the Report and Recommendation be modified such that: (1) all Plaintiffs holding the title CPS are similarly situated to each other such that their claims can proceed collectively to trial; (2) all Plaintiffs holding the title CPSS I are similarly situated to each other such that their claims can proceed collectively to trial; and (3) all Plaintiffs holding the title CPSS II are similarly situated to each other such that their claims can proceed collectively to trial.  In De La Cruz, defendant requested that the Report and Recommendation be modified such that: (1) all Plaintiffs assigned to the Family Independence Administration are similarly situated to each other such that their claims can proceed collectively to trial; (2) all Plaintiffs assigned to the Homelessness Diversion Program are similarly situated to each other such that their claims can proceed collectively to trial; and (3) all Plaintiffs assigned to the Division of Fair Hearing are similarly situated to each other such that their claims can proceed collectively to trial.

instant "motion," seeking to have the Court so-order their unilaterally proposed pre-trial submission schedule; a motion which presupposes that the Court will fully adopt the Report and Recommendation without modification.

       Plaintiffs' motion entirely disregards the need for this Court to issue a decision determining whether plaintiffs in each of the two respective actions are "similarly situated" such that the actions may each be tried collectively based on representative proof. Plaintiffs' motion also ignores that this Court's adoption, rejection or modification of the Report and Recommendation will determine the number and scope of the trials in the <u>Foster</u> and <u>De La Cruz</u> cases and therefore will also determine the number and scope of all pre-trial submissions. As such, this Court's decision on the "similarly situated" motion is a necessary predicate to the parties' submission of pre-trial documents.

       As such, defendant respectfully requests that the Court deny plaintiffs' motion and, instead, order that within 30 days of a decision resolving the dispositive "similarly situated" motion, the parties submit to the Court for its approval joint pretrial orders setting forth the information required by Fed. R. Civ. P. 26(a)(3) as well as the information detailed in Section X(A)(1)-(11) of Your Honor's Individual Rules.

       Defendant thanks the Court for its attention to these matters

                                  Respectfully submitted,

                                    /s/
                                  Andrea O'Connor
                                  Assistant Corporation Counsel

cc:      All Counsel (via ECF)