UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

KEISHA FOSTER et al.,

      Plaintiffs,

  v.

CITY OF NEW YORK, NEW YORK,

      Defendant.

**ORDER**

14 Civ. 4142 (PGG)

------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

    Trial in this matter is scheduled for January 31, 2022, subject to this District's COVID-19 protocols and courtroom availability.  The parties dispute "whether the trial will include the issue of liability on plaintiffs' claims regarding unpaid work performed while clocked into CityTime before and/or after the shift and during the one-hour uncompensated meal period, or whether liability has already been determined and only the amount of uncompensated overtime work performed remains at issue."  (Jt. Ltr. (Dkt No. 228) at 2)

    The issue of liability for Plaintiffs' uncompensated overtime claims was decided in the Court's summary judgment order.  (See Sum. J. Order (Dkt. No. 153) at 82)  The Court found that certain Plaintiffs had "demonstrated as a matter of law that they performed uncompensated work during pre-shift, post-shift, and lunchtime hours."  (Id. at 37)  And the Court found "abundant" and "overwhelming evidence" that "City managers and supervisors were aware that Plaintiffs were engaged in uncompensated overtime work."  (Id. at 42, 46-47)  Accordingly, the Court held that "Plaintiffs have demonstrated as a matter of law both that they worked uncompensated overtime and that their City managers were aware that they were

working uncompensated overtime," and "granted summary judgment on th[at] issue." (Id. at 49, 82)

The Court confirmed this holding in a June 18, 2018 order, which states that "this Court granted the Foster and De La Cruz Plaintiffs 'summary judgment on th[e] issue [of the City's liability for overtime violations as to certain Plaintiffs], and [denied] the City's cross-motion for summary judgment on this issue.'" (June 18, 2018 Order (Dkt. No. 180) at 10 (citing Sum. J. Order (Dkt. No. 153) at 49 (alterations in June 18, 2018 Order))) In requiring the parties to brief whether Plaintiffs are similarly situated, the Court noted that "where plaintiffs are similarly situated, representative evidence – such as the deposition testimony offered at summary judgment in the instant cases – is admissible to prove collective or class-wide liability as to all plaintiffs." (Id. at 18 (emphasis in original))

In its summary judgment ruling, the Court did not conclude that all "2200 Plaintiffs are entitled to overtime compensation," because the Court had not yet determined that the Plaintiffs were similarly situated. (Id. at 28) That issue was not before the Court at summary judgment. (Id. at 20) In a March 30, 2021 Order, however, the Court determined that all Foster Plaintiffs are similarly situated to one another. (Mar. 30, 2021 Order (Dkt. No. 225) at 15, 19) Because Plaintiffs are similarly situated, "representative evidence is admissible to prove liability on a collective basis." (June 18, 2018 Order (Dkt. No. 180) at 22) Having already determined at summary judgment that Plaintiffs had demonstrated liability as to certain Plaintiffs, the decision that all Foster Plaintiffs are similarly situated makes the scope of that liability clear. Accordingly, the issue of liability will not be tried before a jury.

Dated: New York, New York
    August 10, 2021

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge

2